The Honorable Marian Reynolds State Senator, 38th District 1300 Bristol Dodge City, Kansas 67801
Dear Senator Reynolds:
You inquire about the application of K.S.A. 40-241 which deals with when an insurance agent license applicant may retake the examination for licensure after failing the initial examination. Specifically, you inquire whether the statute, which requires a waiting period before reexamination, takes into account when the applicant failed the initial examination.
You indicate that a constituent of your district took and failed the licensure examination three times in 1988. He again took the examination in August of 1995, failed and is now being required to wait six months before he may take the examination again because of his failed attempts seven years ago.
The statute, K.S.A. 40-241, states in pertinent part:
 "If such applicant fails to satisfactorily complete the examination, the examination may be retaken following a waiting period of not less than seven days from the date of the last attempt. If the applicant again fails to satisfactorily complete the examination, it may be retaken following another waiting period of not less than seven days from the date of the most recent attempt. Thereafter, the examination may be retaken following a waiting period of not less than six months from the date of the most recent attempt. The certification fee shall not be returned for any reason. The commissioner of insurance shall keep a permanent record of all agents' licenses issued and the insurance companies that the respective agents were certified to represent under such licenses for a period of 10 years."
The statute does not on its face take into consideration when the initial three examinations were taken. The interpretation of a statute is a matter of law and it is the function of the court to interpret a statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). The statute requires that an applicant who fails the first examination be required to wait seven days before being allowed to take the examination a second time, another seven days before a third attempt, and six months before a fourth and subsequent attempts. When a statute is clear the court must give effect to the legislative intent as expressed therein rather than determine what the law should or should not be. State v. Schlein,253 Kan. 205 (1993).
A perusal of the statute's legislative history reflects a clear intent to make the standards for licensing insurance agents more stringent and thereby serve to provide the public "competent, better qualified, professional insurance agents as a whole than is currently the case." See Minutes, House Committee on Insurance, March 2, 1988, testimony on 1988 House Bill 3055 by Dick Brock, Administrative Assistant, Kansas Insurance Department, Exhibit III. The statute's application in this instance prevents another attempt after seven days in a year when he has attempted and failed the exam only once. Because the applicant failed the examination 3 times seven years ago, the statute requires the applicant to wait six months between the fourth and fifth attempts. Application of the statute to these particular facts may not have been contemplated by the legislature. Its application to these facts, however, does not contravene the statute's manifest purpose of preventing those applicants not qualified for licensure from practicing until they have acquired the knowledge necessary to pass the examination.
In conclusion it is our opinion that the statute's application requiring a six month waiting period after several failed attempts does not take into consideration when the failed attempts took place. The statute's application requiring a six month waiting period to one whose failed attempts took place several years prior to the current attempt is consistent with the act's intent and is not within the purview of the courts or this office to alleviate or correct. Legislative amendment is strictly within the purview of the legislature charged with making this type of state policy determination.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm